*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-002

JULY TERM, 2013

| | | |
|---|---|---|
| Mary Duggan | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Employment Security Board |
| | } | |
| Department of Labor (Addison-Rutland | } | |
| Supervisory Union, Employer) | } | DOCKET NO. 08-12-150-11 |

In the above-entitled cause, the Clerk will enter:

Claimant appeals from the denial of her request for unemployment benefits. She argues that the Employment Security Board erred in finding that she voluntarily left her job without good cause attributable to her employer. Claimant maintains that the uncontroverted facts show that she left her employment because of her health condition. We affirm.

The record indicates the following. Claimant applied for unemployment benefits in July 2012. A claims adjudicator denied her request, finding that claimant left her employment voluntarily without good cause attributable to her employer. An administrative law judge (ALJ) reached a contrary conclusion, finding that claimant's employment ended due to a certified health condition that precluded claimant from performing her job duties. Employer appealed to the Board, which reversed the ALJ's decision. The Board concluded that claimant left her employment voluntarily without good cause attributable to her employer.

In reaching its decision, the Board found as follows. Claimant worked for eleven years as an information technology director for employer. She was employed on a year-round basis. Claimant's doctor advised claimant as early as February 2012 that she should resign due to severe disabling anxiety. Claimant informed employer on April 25, 2012 that she was resigning for personal reasons, and that she would continue to work through June 30, 2012, the date her contract expired. In mid-May, however, claimant took a paid medical leave of absence. Claimant was approved for up to twelve weeks of leave, with reinstatement rights thereafter. Claimant remained on paid leave until her contract expired. Claimant was given an unrestricted medical release to return to work, in her same or similar capacity, on July 1, 2012.

The Board found this to be an unusual case. Claimant professed to have left her job for health reasons, yet, as of the effective date of her resignation, she had no medical restrictions on her ability to work in her customary profession. When claimant tendered her resignation, she intended to work only through the end of her contract, but not beyond that date. While it was true that claimant stopped physically coming to work shortly after submitting her resignation, her

employer treated her as someone temporarily out on medical leave. Claimant continued to be compensated as an employee until the date that she had previously indicated would be her last. As attested to by her health care provider, claimant was then able to work without restriction. Under these circumstances, the Board concluded that the proximate cause of claimant's unemployment was not her health condition, but rather, her voluntary decision to leave her employment. Because claimant failed to show that this decision was based on good cause attributable to the employer, the Board concluded that she was disqualified from receiving unemployment benefits. Claimant appealed from this decision.

Claimant argues that the Board should have found in her favor. She asserts that she presented compelling evidence, including medical documentation and her own testimony, to show that she had to leave her job for health reasons. Claimant maintains that she should not be ineligible for benefits simply because she became available to work immediately after she left employer's employ, or because she submitted a letter of resignation prior to requesting medical leave.

Our review of the Board's decision is deferential. We presume that decisions within the Board's expertise are "correct, valid, and reasonable," unless there is "a clear showing to the contrary." Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.). We "will uphold the Board's factual findings unless clearly erroneous, and its conclusions of law if fairly and reasonably supported by those findings of fact." Id. at 510 (citation omitted).

As set forth above, a claimant is disqualified from receiving benefits if he or she left her "last employing unit voluntarily without good cause attributable to such employing unit." 21 V.S.A. § 1344(a)(2)(A). The health-leaving provision of the Unemployment Compensation Act allows a claimant to receive benefits if the Commissioner of the Department of Labor finds that the claimant left his or her employment without good cause attributable to the employer "because of a health condition, as certified by a health care provider . . . , which precludes the discharge of duties inherent in such employment." Id. § 1344(a)(3).

We have addressed the health-leaving provision in two cases, Davis v. Department of Employment Security, 140 Vt. 269 (1981), and Favreau v. Department of Employment & Training, 156 Vt. 572 (1991). In Davis, the claimant was a schoolteacher whose health began to deteriorate in the middle of the school year. The claimant completed the school year against her doctor's recommendation but with his consent. The claimant was offered a contract for the following year but declined to accept it. Several months after her last day of work, the claimant applied for unemployment benefits, indicating that she had been cleared for work by her doctor. The Board found that the claimant fell within the health-leaving provision of the law and we affirmed its decision on appeal, finding the decision supported by the evidence.

In Favreau, the claimant failed to persuade the Board that the health-leaving provision applied. The claimant in that case suffered from physical and mental difficulties during his employment. The claimant informed his employer that he was resigning but did not mention that it was for health reasons. One week after his last day of work, the claimant visited a doctor who certified that the claimant had a previously-undiagnosed physical ailment that rendered him physically unable to perform his job duties. The doctor indicated that claimant could not perform the normal duties of his job as of the first day his incapacitation was declared; however,

the doctor noted that he was able to work on the effective date of his claim for unemployment benefits, which was the day after he left his employment. The doctor provided no information about the nature of the claimant's disability or the duties and physical requirements of his last job. As indicated, the Board concluded that claimant left his employment voluntarily without good cause attributable to his employer and not because of a health condition that that precluded him from discharging duties inherent in his employment.

We affirmed the Board's decision on appeal. We rejected the claimant's assertion that the mere submission of a physician's certification "end[ed] the inquiry as to why a claimant left an employment." 156 Vt. at 576. We found that the medical certificate submitted in <u>Favreau</u> contained virtually no information indicating that the claimant had a medical condition that precluded the discharge of duties inherent in his employment. There was other evidence, moreover, including the claimant's letter of resignation that weighed against a conclusion that the claimant left his employment for health-related reasons. Although the claimant believed his evidence was persuasive, the Board concluded otherwise, and we declined to reweigh the evidence on appeal.

We agree with appellee that this case is more like <u>Favreau</u> than <u>Davis</u>. Like <u>Favreau</u>, the Board considered the argument put forth by claimant, and rejected it. As we emphasized in <u>Favreau</u>, "[o]ur function on appeal is not to weigh the evidence anew as a trier of fact but to determine if the Board's findings and conclusions are supported by credible evidence." <u>Id</u>. at 577; see also <u>Pfenning v. Dep't of Emp't & Training</u>, 151 Vt. 50, 52 (1989) (explaining that Supreme Court "must uphold the decision of the Board if it is fairly within the discretion granted to it"). The evidence here supports the Board's conclusion that claimant resigned voluntarily without good cause attributable to her employer, and that she did not resign due to a health condition that precluded her from discharging the duties inherent in her employment.

As the Board explained, claimant submitted a letter of resignation, effective the final day of her contract. She was paid as an employee up to the date of her resignation. While claimant professed to have left her job for health reasons, she was medically cleared to work in her customary profession as of the effective date of her resignation. Under these circumstances, it was reasonable to conclude that the proximate cause of claimant's unemployment was not her health condition, but rather, her voluntary decision to leave her employment. In reaching its conclusion, the Board did not rely solely on the fact that claimant took medical leave after she submitted her resignation, as claimant suggests.

We note, moreover, that the medical certification form submitted by claimant contained no description of the nature of claimant's illness, other than unexplained numerical references. The form did not explain why claimant's illness rendered her incapable of performing her job duties only until the date of her resignation, when she was then capable of performing such work. The fact that claimant's doctor found her able to work in her customary profession as of the effective date of her resignation was relevant and the Board did not err in considering it. See <u>Davis</u>, 140 Vt. at 275 (explaining that factfinder is charged with passing on the claim for unemployment compensation "and the evaluation of all factors surrounding the claim is properly within the Department's expertise"). Indeed, this information was provided in the certification notice that claimant submitted as part of her application for unemployment compensation. It was for the Board to evaluate the evidence, and the Board concluded that claimant failed to meet her

3

burden of proof.  While claimant disagrees with this result, she fails to show that the evidence was "wholly insufficient to allow the Board to reach the conclusion it did."  <u>Bouchard</u>, 174 Vt. at 589 (quotation omitted).

   <u>Affirmed</u>.

        BY THE COURT:


        _____
        Paul L. Reiber, Chief Justice


        _____
        Marilyn S. Skoglund, Associate Justice


        _____
        Brian L. Burgess, Associate Justice